IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| WINSTON LEWIS | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-12-226 |
| | § | |
| MATT ASHBY | § | |

### OPINION AND ORDER

Before the Court, by referral from the Honorable Gregg Costa, United States District Judge, is the "Motion to Dismiss" of Defendant, Matt Ashby.  The Motion originally sought the dismissal of the original complaint of Plaintiff, Winston Lewis, on the basis of the Younger[1] Abstention Doctrine; however, it appears Ashby now concedes that this Court's initial opinion that a stay, rather than a dismissal, would be appropriate if abstention applies. Cf. Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 719-20 (1996) (Where plaintiff's cause of action seeks legal relief of damages a stay until the completion of the related state court proceeding is appropriate.)  Having now considered the Parties' submissions and the applicable law, the Court issues this Opinion and Order.

On March 25, 2010, Sergeant Matt Ashby of the Chambers County Sheriff's Office stopped Lewis' car.  Ashby searched the car and seized $8,800.00 in cash and three $300.00 money orders on the suspicion that the property was drug related contraband.  Lewis was issued a warning ticket and allowed to leave.  On March 31, 2010, the Chambers County

---

[1] Younger v. Harris, 401 U.S. 37 (1971)

District Attorney commenced a forfeiture proceeding against the alleged "contraband." Lewis' interest in the property is represented by counsel in that proceeding which is still pending. See Defendant's "Advisory" (Instrument no. 13), which provided certified copies of relevant state court records.

On or about June 22, 2012, Lewis, acting *pro se*, filed this action under 42 U.S.C. § 1983, in the Eastern District of Texas, seeking damages for mental anguish caused by Ashby's alleged unconstitutional conduct and for the return of the $8,800.00 and three money orders. On July 2, 2012, the case was transferred to this Court because venue was proper in the Galveston Division of the Southern District of Texas since the incident occurred in Chambers County.

The Younger Abstention Doctrine seeks to prevent a federal court from "interfering" in a pending state court proceeding. To determine whether Younger abstention applies, Courts consider three factors: 1) whether the underlying proceedings constitute an ongoing state judicial proceeding; 2) whether the proceedings implicate important state interests; and 3) whether there is an adequate opportunity in the state court proceedings to raise constitutional challenges. Loch v. Watkins, 377 F.3d 574, 578 (6th Cir. 2003)   Clearly, those factors are met here:  Texas has an important interest in targeting drug traffickers and Lewis can challenge the state's evidence, if any, of probable cause for the seizure. $27,877.00 current money of the U.S. v. State, 331 S.W. 3d 110, 122 (Tex. App. -- Fort Worth, 2010, pet. denied.)

The Court notes, in passing, that the ruling on Ashby's Motion may have been different if Lewis had confined this lawsuit solely to the recovery of damages related to the constitutionality of Ashby's stopping of the car.  See <u>Alexander v. Ieyeub</u>, 62 F.3d 709, 713 (5th Cir. 1995) ("<u>Younger</u> Abstention Doctrine does not apply to a suit seeking only damages.")  But Lewis' complaint seeks the return of the very property the state is presently seeking, albeit slowly, to forfeit.

For the foregoing reasons, the Motion (Instrument no. 11) of Defendant, Matt Ashby, is **GRANTED** insofar as it seeks a **STAY** of this case.

It is, therefore, **ORDERED** that all further proceedings in this case are **STAYED** until the completion of the state court forfeiture action.

**DONE** at Galveston, Texas, this ___9th___ day of January, 2013.

_____
John R. Froeschner
United States Magistrate Judge